**Fred HERRMANN, Plaintiff and Respondent,**

v.

**Joe RAMADEN, Defendant and Appellant.**

**Civ. No. 8734.**

Supreme Court of North Dakota.

Nov. 16, 1971.

Waldron, Kenner & Halvorson, Minot, for plaintiff and respondent.

Farhart, Rasmuson & Olson, Minot, for defendant and appellant.

STRUTZ, Chief Justice, on reassignment.

The defendant was a tenant of the plaintiff from August 1, 1968, to September 1, 1970. This action is brought for moneys claimed due the plaintiff for delinquent rent. The rent on the premises occupied by the defendant was $50 a month, but by agreement the defendant was to be credited for one-half of his rent for the first eight months of his occupancy for certain improvements on the property which he made. There is no dispute between the parties on this point. However, the plaintiff asserts that the amount he sues for is due as delinquent cash rent for the period prior to May 1, 1970. The defendant, on the other hand, claims that he has paid in full all moneys due the plaintiff.

Both parties were lax in their method of doing business. The defendant testified that at times he paid the rent by check and at other times he would pay it in cash. He further testified that on occasion he would pay the rent to C. R. Verry, the plaintiff's authorized agent, and that on other occasions he paid the rent to others, including Verry's housekeeper and his son. Verry

denies this, and says that only he collected the rent. The housekeeper, however, on cross-examination, stated quite positively that on occasion the son would go out and collect rents. She also testified that she believed that Verry's grandson collected rents. Verry's daughter, she stated, also collected rents. The defendant claims that on the occasions when he paid in cash, no receipt was given to him.

The defendant testified that he owed the plaintiff no rent, and that all rent had been paid. He could not produce cancelled checks or receipts for all payments, however, but he did produce a letter dated May 20, 1970, written by C. R. Verry, the plaintiff's agent, which reads:

> "You were to mak [*sic*] payment on the 15th, of May. Have not seen it. I am not able to make calls. Payments must be made at my home personally or in mail. You will owe again on June 1st, as well now of the 15th. You made a promise of."

The plaintiff's own evidence shows that the May rent thereafter was paid. Payments of rent for the months of June, July, and August were made thereafter. It is undisputed that the defendant left the rented premises on or before September 1, 1970.

A careful reading of the letter written by plaintiff's agent demanding payment of the May rent will show that defendant is advised that the rent which had been due on May 15 had not been paid by May 20. It then goes on to remind the defendant that he will owe more rent on June 1. Not one word is said about any rent due for a period prior to May. The letter merely points out that there was rent due on May 15 and that there will be additional rent due on June 1.

Certainly the letter quoted above is inconsistent with the plaintiff's present demand for rent claimed to be due prior to the time the letter was written. The letter raises a rebuttable presumption that such past rent had been paid. And the plaintiff has introduced no credible evidence to overcome that presumption. It is difficult for us to believe that the plaintiff's agent would have been so concerned about rent that was five days past due and about rent which was to become due for June in ten days, and that he would not at the same time have reminded the defendant that he owed rent for many prior months. The only reasonable presumption that can be drawn from the writing of this letter is that no prior rent was due.

For reasons stated herein, the judgment appealed from is reversed, and the trial court is directed to enter an order dismissing the plaintiff's complaint.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.